```
LAW OFFICES OF CONSTANTINE BARDIS, LLC
1800 MAIN STREET
LAKE COMO, NJ 07719
TEL: 732-280-2500
FAX: 732-280-1991
Attorney for Creditor
Michael S. Tsontakis
```

**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

|  |  |
|---|---|
| In Re: | CHAPTER 7 CASE NO:05-20980-KCF |
|  | As to debtor Robert and Cynthia |
|  | Bodtmann: |
| Robert J. Bodtmann |  |
|  | JUDGE: Hon.Kathryn C. Ferguson |
| S.S.  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 |  |
| Debtor, | **BRIEF IN SUPPORT OF MOTION** |
|  | **TO VACATE STAY WITH** |
| Cynthia M. Bodtmann, wife | **PROSPECTIVE RELIEF** |
| S.S. 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 |  |
| Co-Debtor, |  |

BRIEF IN SUPPORT OF
MOTION FOR TO VACATE STAY WITH PROSPECTIVE RELIEF

1

## PROCEDURAL HISTORY

1. The present action involves a tenancy action against two co-debtors who have attempted avoided eviction through bankruptcy filings, to wit, the debtor Robert J. and Cynthia M. Bodtmann, against who the current relief is currently sought.

2. The present MOTION SEEKS TO VACATE STAY WITH PROSPECTIVE RELIEF.

## STATEMENT OF FACTS

1. On July 24, 2004, Debtor's entered into a 8 month lease with secured creditor, Michael Tsontakis, who is the owner of 60 Wyandemere Drive, Woodcliff Lake, NJ 07877, for the rental of Apartment 2 (Upper). Under the terms of the lease agreement, all rent is due on the first of the month, and the tenant is subject to a 5% late fee if the rent payment is more than five (7) days late, as well as attorneys' fees.

2. The total rent due, owing, and outstanding is $7,717.78.

3. Debtor's are still in possession of the aforementioned property and have refused to leave premises or pay all rental amounts due.  Creditor has made an attempts to evict debtor's, including filing an eviction claim. Debtors have continually made the false representation that they would pay all outstanding rents and late fees.  Before a warrant for removal

2

was issued, debtor filed the bankruptcy proceeding in the hopes of evading eviction and payment of rents.

4. Under the terms of the lease agreement, specifically Paragraph 6 <u>VIOLATION, EVICTION, AND REENTRY</u>, which states, "The Landlord reserves the right of re-entry which allows the Landlord to end this Lease and re-enter the apartment if the Tenant violates any agreement in this Lease". Therefore the lease expired prior to the filing of the bankruptcy petition.

5. The non-payment and or partial payment of any rent since September 15, 2005, is an extreme and unduly financial burden upon the creditor. In addition, the continued possession of the property could potentially be deteriorating the property for future rentals.

## LEGAL ARGUMENT

### I. CREDITOR SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY FOR THE NON-PAYMENT OF RENT PRIOR TO THE FILING OF THE BANKRUPTCY PETITION

Under the terms of the lease, non-payment of rent constitutes expiration of the lease; therefore, the lease had expired prior to the petition of bankruptcy. Since the lease is terminated, there is nothing for the debtor to assume under §365. <u>In re DiCamillo</u>, 206 <u>B.R.</u> 64. The lease is not assumable debt when such debt is in default. "An executory or lease validly terminated prior to the institution of bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy, and

3

cannot therefore be included among the debtor's assets." In re Triangle Laboratories, Inc., 663 F.2d 463, 467-68.

II. **CREDITOR SHOULD BE GRANTED CURRENT AND PROSEPECTIVE RELIEF FROM THE AUTOMATIC STAY FOR THE NON-PAYMENT OF POST-PETITION RENT**

Debtor has avoided payment of rent and eviction by flouting state law through abuse of the United States Bankruptcy Code. The abuse is apparent when seeing each filing of the debtor has been dismissed and made to buy time to the extreme financial harm and prejudice of the movant. Failure to pay post-petition rent constitutes a basis for granting relief under 11 U.S.C. §362(d). Since Debtors have no ability to cure either the pre-petition or post-petition defaults under the lease, relief from the automatic stay should be granted. Creditor interest in the property should not be prejudicially lost by Debtor's filing of a bankruptcy petition.

In a Chapter 7 bankruptcy case, a Tenant is required to continue paying his rent subsequent to the filing of the bankruptcy petition and pay pre-petition arrears. Failure to make such payments to the Creditor mandates relief from the automatic stay.

4

### III. CURRENT AND PROSPECTIVE RELIEF SHOULD BE GRANTED BECAUSE THERE EXISTS CAUSE TO LIFT THE STAY

Cause exists for lifting the stay when a creditor's interest Is not being adequately protected while the stay is in effect, and, therefore, the continuation of the stay will likely injure the creditor. 11 U.S.C. §362(d)(1). Failure to make pre-petition or post-petition rent payments is not adequately protecting Creditor. Debtor is unable to maintain or protect Creditor's security interest in the property. The Debtor's continued occupation of the premises in unjustly deteriorating and injuring Creditor's interest in the property. Creditor is experiencing and will continue to experience great economic harm by Debtor's continued possession of the property.

### IV. RELIEF FROM THE STAY SHOULD BE GRANTED BECAUSE DEBTOR HAS NO EQUITY IN THE PROPERTY WHICH IS OWNED BY MOVANT

The second statutory ground for lifting the stay exists when the Debtor has no equity in the property the creditor is seeking to reach. 11 U.S.C. §362(d)(2). In this case, debtor has no equity in the property. The equity exists in the deed, which is in the possession of the Creditor. Debtor's continued occupation of the premises will undoubtedly cause Creditor to unjustly lose equity in the property, therefore relief from the stay should be granted.

**CONCLUSION**

For the reasons set forth above, Creditor's Motion to Vacate Stay With Prospective Relief should be granted.

Respectfully submitted,

/s/ Constantine Bardis

Dated: April 28, 2005

_____
CONSTANTINE BARDIS, ESQ.
Attorney for Creditor
Michael S. Tsontakis